Hoffmah, J.
1. In my opinion, an unconditional, unrestricted authority given to an agent to sell goods, contradistinguished from a mere power to negotiate a sale, such an authority as will bind the owner to deliver the goods, implies the power to receive payment.
Lord Tenterden, in Capel v. Thornton, (3 Carr, and Payne, 352,) laid down that rule at nisi prius. (Pickering v. Busk, 15 East., 38,) almost establishes it. The sale was by a broker, but the principal was unknown, and the broker had possession. (Favenc v. Bennett, 11 East, 36,) involves the same rule when there is an agency known, and the principal unknown.
In Ireland v. Thomson, (4 Com. Bench R., 149,) the case of Mynn v. Jolliffe, (1 M. & Rob., 326,) is recognized as settling that an agent to sell real estate is not of course empowered to receive the purchase money. But it was considered clear, that there was such a power in the case of the sale of a vessel made by the master abroad.
■ In Gross v. Haskins, (13 Yt. R., 536, 540,) the Court say: “ "When the plaintiff employed an agent to sell hats, he was authorised to receive payment; and all who purchased of and paid him in good faith, are protected, notwithstanding he appropriated the avails to himself, especially when the purchaser knew nothing of the agency.”
Hackney v. Jones, (3 Hum. R., 612,) is an express authority that a general unqualified power given to an agent to sell goods, involves the right to receive payment, so as to protect the purchaser.
The case of Pinckney v. Hagadorn, (1 Duer, 89; approved and said to have been affirmed, 14 N. Y. R., 584, 590,) determined that an auctioneer empowered to sell real estate, and by the *351 terms of sale to receive ten per cent on the day of sale, could receive it on a subsequent day, and bind the principal. (Story on Agency, § 98; Paley on Agency, 278.)
The authority conferred upon Sayles, the agent of the plaintiff in this case, to sell, is found by the Referee.
I do not think that actual knowledge of the name of the owner is sufficient to vary this rule, any more than knowledge of some one else being an owner, implied in the fact of dealing with an agent or broker, would be sufficient.
2. If the proposition thus stated were, in my opinion, questionable, I should think the present case not so, because the plaintiff knew on the day of the sale that Moore, the defendant, was the purchaser, as the defendant knew that the plaintiff was the owner. This knowledge was acquired on Saturday, the 28th day of August. With this knowledge, the plaintiff returns to Albany; and although it was a cash sale, which (even as interpreted by the alleged custom,) justified the presentment of a bill on Monday, the 30th of August, takes no step himself, or by any one else, to obtain payment, nor inquire as to the transaction until the 3d of September. He refrained from giving notice not to pay Sayles, or to pay himself only.
I do not doubt the right of the General Term to look into all the evidence, and sustain a judgment upon it, even if the facts are not deduced, by the Court or Referee, from the evidence. The serious difficulty upon an appeal to the Court of Appeals, may require a new trial, and this the 28th rule of 1858 seems intended, but imperfectly, to remedy.
3. The Referee has explicitly found that there is a custom or usage of trade in New York, when grain of a non-resident owner is sold by brokers, for the brokers to have the bill made out in their name, and to collect the money; and that the defendant paid Sayles according to that usage. The evidence of such custom is not very satisfactory to my mind, but I do not think that we are warranted in saying that the Referee was clearly wrong in his conclusion.
I think the judgment should be affirmed.
Woodruff, J., concurred with Mr. Justice Hoffman, that, upon the proofs and report of the Referee, due authority to make *352 payment to Sayles, the plaintiff’s agent, was sufficiently established, and that the judgment should be affirmed.